UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA MARIE TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-244 HEA |
| MALLINCKRODT INC., | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Mallinckrodt Inc.'s Motion to Dismiss. (ECF No. 13). Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff Cynthia Marie Turner, who is proceeding in this matter *pro* se without the assistance of counsel, opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, Defendant's Motion to Dismiss is granted in part and denied in part.[1]

### *I. Background*

On December 15, 2023, Plaintiff filed the above-captioned cause of action against Mallinckrodt Inc. ("Defendant" or "Mallinckrodt") in the Circuit Court of

---

[1] Also pending before the Court is Plaintiff's "Motion Not to Dismiss the Case," which is not a proper motion under the Federal Rules of Civil Procedure or the Local Rules of this Court. The Court denies Plaintiff's motion. (ECF No. 17).

the City of St. Louis, Missouri.  In her state court petition, Plaintiff alleges that she was exposed to radiation from uranium Mallinckrodt processed for the federal government's Manhattan Project.[2]  Specifically, Plaintiff asserts that she was employed as a lab technician from 1981 to 1991 at Mallinckrodt's laboratory in the "Z" building.  She alleges that at some point in time, she "observed a man with a Geiger Counter in the hallway not far from the chemical bench in which she worked," and "[t]he Geiger Counter was very active."  (ECF No. 10 at 2).  A week or two later, she was told to move to "the other side of the lab," however, the area where she moved "was in fact closer to where the Geiger Counter alarm was going off."  (*Id.*)  Plaintiff lists a number of health conditions that she alleges she suffers from including sarcoidosis, diabetes, stroke, chronic obstructive pulmonary disease (COPD), kidney stones, fibroids, abnormal growths in endometrial tissue, high blood pressure, inflamed Achillis tendons, broken teeth, bone pain, fatigue, retinopathy, loss of hearing, and skin issues.  (*Id.* at 2-3).  Plaintiff also alleges that she suffers from anxiety.  Plaintiff seeks $500,000 in damages.

Mallinckrodt removed the case from state court to this Court based on two theories of federal jurisdiction.  Mallinckrodt contends that Plaintiff's alleged injuries based on exposure to uranium places her claim within the Price-Anderson

---

[2]While this case was pending in state court, it appears that Plaintiff was allowed leave to amend the first page of her petition through interlineation.  *See* ECF No. 11.  Plaintiff changed Defendant's address and added its registered agent.  No substantive changes were made to the allegations.

Act, Pub. L. No. 85-256, 71 Stat. 576 (1957) (amended 1966, 1988) (codified in scattered sections of 42 U.S.C.) ("PAA").  Mallinckrodt further contends that the Court has jurisdiction pursuant to 42 U.S.C. § 1442.

Defendant responded to Plaintiff's Petition by filing a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6) – the motion presently at bar.  In its motion, Mallinckrodt argues Plaintiff's claims are preempted by the PAA, however, she has failed to allege the required elements under the PAA and her case must be dismissed.  Alternatively, Mallinckrodt argues Plaintiff's claims should be dismissed for lack subject matter jurisdiction because the Missouri Workers' Compensation Act provides the exclusive remedy for her claims, which involve workplace injuries sustained by a worker in the course of her employment.  Mallinckrodt further argues that Plaintiff's claims are barred by the statutes of limitations under both the PAA and the Missouri Workers' Compensation Act.  Finally, Defendant maintains that Plaintiff's claims were discharged by operation of Mallinckrodt's bankruptcy.

## II.  Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction that, like here,

asserts a facial challenge under Rule 12(b)(1).  *See Titus v. Sullivan*, 4 F.3d 590, 593 n.1 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *see also Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980) (applying Rule 12(b)(6) standard to dismissal for lack of subject matter jurisdiction).

Finally, a complaint filed by a *pro se* plaintiff should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss).  The complaint, however, "still must allege sufficient facts to support the claims advanced."  *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a *pro se* plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")).  The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## II.   Discussion

This is not the first time Plaintiff has attempted to bring claims against Mallinckrodt based on alleged exposure to radiation while she was an employee. Fourteen years ago, on August 6, 2010, Plaintiff filed a *pro se* Complaint against Mallinckrodt in this Court in which she alleged that while employed by Mallinckrodt from 1981 to 1992, she was "exposed to a radioactive workbench and lab environment," and as a result she suffered numerous physical ailments and was later diagnosed with sarcoidosis and diabetes. *Turner v. Mallinckrodt Chem. Works, et al.*, No. 4:10-CV-1442 HEA, 2010 WL 3718949, at *1 (E.D. Mo. Sept. 14, 2010). In her previous suit, Plaintiff alleged that she witnessed a man conducting tests with a Geiger counter, and the noise made by the Geiger counter became extremely loud when it reached her workbench. In other words, Plaintiff asserted the very same factual allegations that Plaintiff makes in this case. (4:10-CV-144 HEA, ECF No. 1 at 4).

In an Opinion, Memorandum and Order dated September 14, 2010, the Court dismissed for lack of subject matter jurisdiction Plaintiff's prior suit following a frivolity review pursuant to 28 U.S.C. § 1915. The Court wrote the following:

> Plaintiff claims that she suffered a workplace injury arising from her employment with Mallinckrodt. The Missouri Workers' Compensation Act ("the Act") provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. *Wright v. St. Louis Produce Market*, 43 S.W.3d 404, 414 (Mo. Ct. App. 2001). And the Labor and Industrial

6

> Relations Commission has the exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. Banc 1982). Under 5 U.S.C. § 8128(b), the decision of the Secretary of Labor to grant or deny compensation is final and is not subject to review by this Court. As a result, this Court lacks subject matter jurisdiction over the complaint. *Brumley v. U.S. Dep't of Labor*, 28 F.3d 746, 747 (8th Cir. 1994).

2010 WL 3718949, at *1.

The allegations in the Petition at bar are essentially same as the allegations in Plaintiff's prior Complaint.  Therefore, and the Court finds that the same analysis applies.  The Court lacks subject matter jurisdiction over Plaintiff's claims, because the Missouri Workers' Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. *Richter v. Union Pac. R. Co.*, 265 S.W.3d 294, 300 (Mo. App. E.D. 2008).  Further, the Labor and Industrial Relations Commission has the exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. *Hannah*, 633 S.W.2d at 723. Subject matter jurisdiction does not lie in this Court.

Further, the fact that Plaintiff alleges workplace injuries based on exposure to radioactive materials does not confer jurisdiction in this Court.  In 1957, as part of the Atomic Energy Act, Congress enacted the PAA "to encourage private commercial nuclear research and energy production." *In re Cotter Corp., (N.S.L.)*, 22 F.4th 788, 794 (8th Cir. 2022). The PAA was amended in 1988 to create a federal

7

cause of action for "public liability actions" "arising out of or resulting from [ ] nuclear incident[s]." 42 U.S.C. §§ 2014, 2210; *see also El Paso Nat. Gas Co. v. Neztsosie,* 526 U.S. 473, 477 (1999). Federal courts were granted jurisdiction over these public liability actions involving a nuclear incident, and such actions filed in state court were subject to removal. *Id.*

Under the PAA, the term "nuclear incident" is defined to include "any occurrence … within the United States causing … bodily injury, sickness, disease, or death … , arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material[.]" 42 U.S.C. § 2014(q). While the definition is broad and would include exposure to uranium, the PAA expressly excludes workers' compensation claims from the definition of "public liability" actions. 42 U.S.C. § 2014(w).[3] As discussed above, the Court finds Plaintiff's claims fall within the Missouri Workers' Compensation Act. Therefore, under the express language of the statute, they are excluded from public liability actions under the PPA. *George v. GPU Nuclear Corp.*, 910 F. Supp. 180, 185 (M.D. Pa. 1995) (holding the plaintiff's claim fell within state workers' compensation statute thereby precluding a PAA action). The Court finds Plaintiff's

---

[3]The term "public liability" means any legal liability arising out of or resulting from a nuclear incident or precautionary evacuation … *except*: (i) claims under State or Federal workmen's compensation acts of employees of persons indemnified who are employed at the site of and in connection with the activity where the nuclear incident occurs." 42 U.S.C. § 2014(w) (emphasis added).

8

claims neither fall within the meaning of a "public liability action" nor are preempted by the PAA.

Finding the Court lacks subject matter jurisdiction over this dispute, the Court need not address Mallinckrodt's remaining arguments regarding the statutes of limitations and whether Plaintiff's claims were discharged in Mallinckrodt's bankruptcy. The Court dismisses this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mallinckrodt Inc.'s Motion to Dismiss is **GRANTED in part and DENIED in part**. Consistent with the terms of this Opinion, Memorandum and Order, the Motion is **GRANTED** to the extent that Plaintiff's claims are **DISMISSED** without prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In all other respects, the motion is **DENIED** without prejudice. [ECF No. 13]

**IT IS FURTHER ORDERED** that Plaintiff Cynthia Marie Turner's "Motion Not to Dismiss the Case" is public liability" actions [ECF No. 17]

The Court will issue a separate Order of Dismissal.

Dated this 7th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE