# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA MARIE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-244 HEA |
| | ) | |
| MALLINCKRODT INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cynthia Marie Turner's motion to remand this closed case to state court. (ECF No. 20). Plaintiff also asserts that the undersigned should have recused himself from this case and requests reassignment, which the Court construes as a motion to disqualify the undersigned judge. Defendant Mallinckrodt Inc. did not respond to the motions, and the time to do so has expired. For the reasons that follow, Plaintiff's motions for remand and for recusal are denied.

### *I. Background*

Plaintiff Cynthia Marie Turner is proceeding in this matter *pro* se without the assistance of counsel. She originally filed this suit against Mallinckrodt Inc. ("Defendant" or "Mallinckrodt") in the Circuit Court of the City of St. Louis, Missouri alleging that she was exposed to radiation while working as a lab technician

for Mallinckrodt from 1981 to 1991. She claims that she suffered a number of health conditions as a result of the exposure.

Mallinckrodt removed the case from state court to this Court and moved to dismiss. Mallinckrodt argued Plaintiff's claims were preempted by the Price-Anderson Act, Pub. L. No. 85-256, 71 Stat. 576 (1957) (amended 1966, 1988) (codified in scattered sections of 42 U.S.C.) ("PAA"). Alternatively, Mallinckrodt argued Plaintiff's claims should be dismissed for lack subject matter jurisdiction because the Missouri Workers' Compensation Act provides the exclusive remedy for her claims. Mallinckrodt further argued that Plaintiff's claims were barred by the statutes of limitations under both the PAA and the Missouri Workers' Compensation Act. Finally, Defendant maintained that Plaintiff's claims were discharged by operation of Mallinckrodt's bankruptcy.

On August 7, 2024, the Court granted Mallinckrodt's alternative motion to dismiss for lack of subject matter jurisdiction. In its Opinion, Memorandum and Order, the Court noted that the above-captioned cause of action was not the first case Plaintiff had attempted to bring against Mallinckrodt based on alleged exposure to radiation while she was an employee. Fourteen years ago, on August 6, 2010, Plaintiff filed a *pro se* Complaint against Mallinckrodt with nearly the same allegations as those in the present cause of action. *Turner v. Mallinckrodt Chem. Works, et al.*, No. 4:10-CV-1442 HEA, 2010 WL 3718949, at *1 (E.D. Mo. Sept.

14, 2010). In an Opinion, Memorandum and Order dated September 14, 2010, the Court dismissed Plaintiff's prior suit for lack of subject matter jurisdiction following a frivolity review pursuant to 28 U.S.C. § 1915. In the 2010 suit, the Court found that the Missouri Workers' Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment, and as a result, the Court lacked subject matter jurisdiction over Plaintiff's claims. 2010 WL 3718949, at *1. (*citing Wright v. St. Louis Produce Mkt., Inc.*, 43 S.W.3d 404, 414 (Mo. Ct. App. 2001); *Brumley v. U.S. Dep't of Lab.*, 28 F.3d 746, 747 (8th Cir. 1994)).

In its August 7, 2024 Opinion, Memorandum and Order, The Court found that the same analysis applied to this case. (ECF No. 18). The Court ruled that it lacks subject matter jurisdiction over Plaintiff's claims, because the Missouri Workers' Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries. The Court further found that Plaintiff's claims neither fell within the meaning of a "public liability action" nor were preempted by the PAA. 42 U.S.C. § 2014(w). The Court dismissed the above-captioned cause of action without prejudice for lack of subject matter jurisdiction. (ECF No. 18).

Plaintiff argues here that the undersigned should have been recused from the case because the undersigned dismissed her 2010 suit. She further argues that her case is not a "Worker's Compensation Case," because it includes claims of

"unemployability" as a result of "Mallinckrodt firing me." (ECF No. 20 at 1). She contends that the Court should have remanded the case to state court. The Court will first address the issue of recusal.

## II. Discussion

### A. Motion to Disqualify Undersigned Judge

A district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Eighth Circuit has instructed that impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" *O'Bannon v. Union Pac. R. Co.*, 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is whether a "reasonable person, who knew the circumstances, would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). *See also Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009). If this test is not satisfied, judges have a duty to decide the cases and controversies which come before them. *See Perkins v. Spivey*, 911 F.2d 22, 28 (8th Cir. 1990).

A motion to recuse must be timely. A party must raise the issue of disqualification "at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for such a claim." *Tri-State Fin., LLC v. Lovald*, 525

4

F.3d 649, 653 (8th Cir. 2008). "A litigant obtains knowledge of the facts allegedly demonstrating the basis for the recusal motion when the litigant could have known the facts 'with due diligence.'" *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1209 (8th Cir. 2010). The Eighth Circuit "subscribe[s] to the view that motions to recuse should not 'be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings'" and denies motions "interposed for suspect tactical and strategic reasons." *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996).

Plaintiff's argument that the Court should have recused based on its 2010 dismissal of her prior suit is entirely without merit. First, Plaintiff's motion to disqualify is untimely. Plaintiff failed to raise the issue of recusal when she first became aware of it. Plaintiff would have known that the above-captioned cause of action was assigned to the same judge who had dismissed her 2010 suit when Mallinckrodt removed the case on February 15, 2024, and it was randomly assigned to the undersigned judge. Plaintiff filed her motion almost six months later, after the case had been dismissed.

Second, adverse judicial rulings "almost never" constitute a valid basis for recusal. *Dossett v. First State Bank*, 399 F.3d 940, 952–53 (8th Cir. 2005). The Court dismissed Plaintiff's 2010 case and the above-captioned cause of action based on the merits. The Court reviewed the record before it and applied controlling legal

5

authority. There is nothing in the record of either case that would lead a reasonable person to believe the undersigned was impartial. In fact, the timing suggests Plaintiff's motion for recusal was made for tactical or strategic reasons. *In re Kansas Public Employees Retirement System*, 85 F.3d at 1358. Plaintiff's motion to disqualify the undersigned judge is denied.

### B. Motion to Reopen and Remand

Plaintiff argues that the Court should not have dismissed her case, but rather it should have been remanded it to state court. She argues that her claims are not workers' compensation claims, and that her Petition also included additional employment claims, all of which should have been sent back to state court.

As an initial matter, Plaintiff is asking the Court to reconsider its prior ruling. When a motion to reconsider is made in response to a final order, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted). Under limited circumstances, a Court also may revisit a final ruling under Rule 60(b). A Rule 60(b) motion must satisfy one of the following six grounds for relief: Mistake,

6

inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984).

Prior to dismissal, Plaintiff did not argue that the Court should remand the case to state court – an argument Plaintiff could have made. And in the motion presently before the Court, Plaintiff raises no grounds upon which the Court may revisit its prior final ruling under either Rule 59(e) or Rule 60(b). There is no basis for the Court to reopen this case and remand it to state court, and the motion is denied on this basis.

But even if the Court were to address Plaintiff's motion on the merits, remand is not warranted. As the Court previously ruled in its Opinion, Memorandum and Order dated August 7, 2024, Plaintiff's claims that she suffered injuries as a result of radiation she was allegedly exposed to while working at Mallinckrodt are

workers' compensation claims. The Missouri Workers' Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. *Wright*, 43 S.W.3d at 414. The Labor and Industrial Relations Commission has the *exclusive jurisdiction* to determine whether an employee's injuries occurred as a result of the employee's employment. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. 1982). Jurisdiction lies in neither this Court nor the Circuit Court of the City of St. Louis, Missouri. *Id.*

As for Plaintiff's argument that she brought additional employment claims that do not fall under the Workers' Compensation Act, this argument is without merit. In her Petition, Plaintiff alleges that she was "let go without an explanation" in 1992, and she states that she "would like to know why she was let go." (ECF No. 10 at 4). She also alleges in her Petition that since leaving Mallinckrodt in 1992, she was able to get only one full-time job, despite her two degrees. These allegations do not state a claim. There are no allegations that Plaintiff's discharge was unlawful. In fact, she alleges that she does not know why she was fired. Moreover, Mallinckrodt terminated her employment more than 32 years ago, and any claims Plaintiff might have brought based on these alleged facts would be time-barred. The Court finds there is no basis to reopen this cause of action and remand the case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Disqualify the Undersigned Judge and Reopen and Remand this Case to State Court are **DENIED**. [ECF No. 20].

Dated this 29th day of August, 2024.

                                              HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE